# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID LEE MORRIS, PAMELA MORRIS, and RANDY MORRIS,** | **CIVIL ACTION NO. 1:09-CV-1739** |
| Plaintiffs | **(Judge Conner)** |
| v. | |
| **RONALD KESSELRING, ROBERT KESSELRING, OFFICER ZUMBRUM, OFFICER JAMES ROWE, II, OFFICER GRIMM, OFFICER MOOREHEAD, OFFICER SCHNEIDER, RANDY WHITTEN, OFFICER HEDDINGER, TIMOTHY HIPPENSTEEL, and ADAM FABRI,** | |
| Defendants | |

## ORDER

AND NOW, this 2nd day of February, 2010, upon consideration of plaintiffs' motion (Doc. 35) for leave to file an amended complaint, and of the motions to dismiss plaintiff's complaint (Docs. 19, 25, 38), and it appearing that no defendants oppose plaintiffs' motion to amend (Doc. 35),[1] and it further appearing that the

---

[1] Based on the certification of plaintiffs' counsel, (see Docs. 35, 39), and the response filed by defendant Grimm, (see Doc. 42), it appears that no defendants oppose plaintiffs' motion to amend. Moreover, as of the date of this order, no defendants have filed a brief in opposition to plaintiffs' motion to amend. Plaintiffs filed a brief in support of their motion to amend on December 22, 2009, (see Doc. 36), and local rules require briefs in opposition to pre-trial motions to be filed within fourteen days of the brief in support, lest the parties be "deemed not to oppose such motion." See L.R. 7.6. In addition, the order of court (Doc. 41) dated January 12, 2010 indicated that plaintiffs' motion to amend (Doc. 35) would be deemed unopposed unless briefs in opposition to the motion were filed by January 26, 2010.

claims set forth in the proposed second amended complaint are based upon the same factual averments as the first amended complaint, see FED. R. CIV. P. 15(c), and that granting leave to amend would be in the interests of justice, see id. 15(a)(2) ("[A] party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."), and the court finding that a second amended complaint renders the first amended complaint a legal nullity, see Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("An amended complaint supercedes the original version in providing the blueprint for the future course of the lawsuit."); 6 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1476 (2d ed. 1990) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . . ."), it is hereby ORDERED that:

1. The motion for leave to file a second amended complaint (Doc. 35) is GRANTED.

2. The Clerk of Court is directed to file the proposed document (Doc. 35-2) as an amended complaint as of the date of this order.

3. Defendants shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

4. The motions (Docs. 19, 25, 38) to dismiss the complaint are DENIED as moot without prejudice.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge