IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE MORRIS, PAMELA MORRIS :
and RANDY MORRIS, :
    Plaintiffs : No. 1:09-CV-1739
     :
v. : (JUDGE CONNER)
     : (MAGISTRATE JUDGE PRINCE)
RONALD KESSERLING, ET AL., :
    Defendants :

# **MEMORANDUM and ORDER**

## **I. Procedural Background**

Pursuant to an Order entered on August 2, 2010 (Doc. 85), the Honorable Christopher C. Conner referred the Defendants' pending Motions to Dismiss and Motion for a More Definite Statement to the undersigned.

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 on September 8, 2009 (Doc. 1) and thereafter filed an amended complaint on February 2, 2010 (Doc. 45). The amended complaint asserts civil rights violations under the First, Fourth and Fourteenth Amendments, *to wit.*, unlawful search and seizure, false arrest and malicious prosecution. Named as Defendants are Ronald Kesselring; Officers Robert Kesselring,[1] David Zumbrum, James Rowe II, Joshua Brady and

---

[1] Ronald Kesselring and Officer Robert Kesselring are alleged to be brothers.

Kenneth Smith and Chief Randy Whitson[2] of the Borough of Hanover Police Department; Officers Grimm and Morehead[3] of the Reading Township Police Department; Officers Schneider and Hippensteel of the West Manheim Township Police Department; Adam Fabbri, presumed to be a law enforcement officer with the Pennsylvania Department of Conservation and Natural Resources ("DCNR");[4] Officer Heddinger; Scott Strausbaugh and Mark Barney.

On February 15, 2010, Defendants Schneider and Hippelsteel, along with unnamed defendant West Manheim Township ("West Manheim Defendants"), filed a Motion to Dismiss (Doc. 47).[5] On February 16, 2010, Defendants Robert Kesselring, Zumbrum, Rowe, Brady and Whitson, along with unnamed defendant Hanover Borough ("Hanover Defendants"), filed a Motion to Dismiss and Motion

---

[2] The Plaintiffs misidentify Chief Whitson as "Whiston" in the amended complaint and identified him as "Whitten" in the original complaint.

[3] The Plaintiffs misidentify Defendant Morehead as "Moorehead."

[4] The amended complaint identifies Fabbri as such but in his answer, Fabbri denies this allegation generally without making a clarification or correction as to what position he holds.

[5] Thereafter a Brief in Support (Doc. 60) was filed on February 18, 2010. Plaintiffs filed a Brief in Opposition (Doc. 73) on March 4, 2010, to which Defendants filed a Reply Brief on March 17, 2010 (Doc. 81).

to Strike/Motion for a More Definite Statement (Doc. 51).[6] Defendant Ronald Kesselring filed a Motion to Dismiss on February 18, 2010 (Doc. 61).[7] Defendant Smith also filed a Motion to Dismiss and a Motion to Strike/Motion for a More Definite Statement on March 17, 2010 (Doc. 80). This Motion joins in the Motion of the Hanover Defendants (Docs. 51, 70, 77).[8]

The matters are now ripe for disposition. For the reasons that follow, the Defendants' Motion for a More Definite Statement will be granted.

**II. Factual Background**

The facts giving rise to the amended complaint are alleged to have been precipitated by the termination of a relationship between Plaintiff Pamela Morris and Defendant Ronald Kesselring. Following this averment, little is understandable. The amended complaint appears to assert retaliation by various individuals and entities to harass, intimidate and deprive Plaintiffs of assorted

---

[6] The Brief in Support was originally filed on February 17, 2010 (Doc. 56) but was amended and/or corrected and refiled as Document 59 pursuant to an Order dated February 18, 2010 (Doc. 58). Plaintiffs filed a Brief in Opposition to the Motion on March 1, 2010 (Doc. 70) to which Defendants filed a Reply Brief on March 12, 2010 (Doc. 77).

[7] A Brief in Support was filed on February 22, 2010 (Doc. 63), to which Plaintiffs filed a Brief in Opposition on March 8, 2010 (Doc. 75).

[8] In addressing this last Motion to Dismiss, Plaintiffs indicated that they would rely on their previously submitted Brief in Opposition. (Doc. 83).

constitutional rights and protections. The facts supporting these claims are devoid of cohesiveness, chronology and clarity. Aside from the general allegations, the court cannot conclude with confidence what, exactly, is alleged.

### III. Standard of Review

Federal Rule of Civil Procedure 12(e) provides that "[i]f a pleading to which a responsive pleading is permitted is so vague and ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed.R.Civ.P. 12(e). Generally, motions for a more definite statement are only granted when the pleading is " 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith without prejudice to itself.' " Schmidt, Long & Assoc., Inc. v. Aetna U.S. Healthcare, Inc., No. CIV.A. 00-CV-3683, 2000 WL 1780231, at *2 (E.D.Pa. Dec.4, 2000) (quoting Sun Co. v. Badger Design & Constructors, 939 F.Supp. 365, 368 (E.D.Pa.1996)). "'Motions for a more definite statement are generally disfavored, and should [be granted only] if a pleading is unintelligible, making it virtually impossible for the opposing party to craft a responsive pleading.'" Kasteleba v. Judge, No. 3:05-CV-1739, 2006 Westlaw 1094544, *3 (M.D. Pa. Apr. 24, 2006) (Kosik, J.) (quoting Synagro-WWT, Inc. v. Rush Twp., 204 F.Supp.2d 827, 849 (M.D. Pa. 2002) (McClure, J.) (in turn,

4

quoting Sabugo-Reyes v. Travelers Indem. Co. of Ill., No. Civ. A. 99-5755, 2000 WL 62627, at *3 (E.D. Pa. Jan.14, 2000))).

**VI. Discussion**

Despite the fact that the present pleading is Plaintiff' second attempt to properly allege the facts giving rise to their cause of action, it has failed. The amended complaint makes sweeping statements and generalized allegations with few factual averments sprinkled throughout. Moreover, those averments containing facts are devoid of particularized details as to time and date, person(s) involved, and other basic tenents of proper notice pleading. Indeed, there is an utter lack of cohesive chronology sufficient to permit the seasoned legal practitioner to clearly decipher who is alleged to have done what to whom and when. The result of this convoluted, unsupported and deficient mess captioned "Amended Complaint" is that of one's ability to properly comprehend the attempted allegations, let alone permit the Defendants to frame a responsive pleading, is impaired. It is the burden of the parties, in this instance, the Plaintiffs, not the court, to properly frame the action through *facts* which are sufficient to support their claims. To paraphrase Judge Posner, no judge should be forced to search through a complaint like a pig hunting for truffles. United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)) ("Judges are not like pigs, hunting for truffles

buried in briefs.").

The court further urges Plaintiffs and their counsel to seek the assistance of additional legal counsel not only in filing a More Definite Statement but also to aid in their representation in further proceedings in this matter. This court has previously noted in another case filed by this same counsel that "[d]espite being amended, which is supposed to result in improvement, the complaint remains nearly inscrutable; what follows is the nearest thing to sense that can be made of it." *See* Wicks, et al., v. Lycoming Cty, et al., No. 4:09-CV-1084 at Doc. 47, p.1. This court has also observed of other pleadings filed by Plaintiffs' counsel that:

> Upon review of the complaint the Court finds it impossible to discern precisely what claims Plaintiff is advancing against the three assistant district attorneys. It appears that Plaintiff may be alleging that these parties engaged in a conspiracy to violate certain of her civil rights; at other places it seems that Plaintiff is asserting a claim for malicious prosecution against one or more of these defendants. The complaint is, throughout, excessively general and devotes considerably more time to making sweeping, conclusory legal statements condemning Defendants than it does explaining clearly what claims are being advanced and against whom. Notwithstanding that notice pleading is valid under the Federal Rules of Civil Procedure, this standard does not mean that when reviewing a motion to dismiss a court is "bound to accept as true [ ] legal conclusion[s] couched as factual allegation[s]." Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). Review of the complaint in this case reveals it to be long on legal conclusions and short on factual allegations in support of Plaintiff's claims.

Basinger v. Wentz, No. 1:08-CV-1545, 2009 WL 1675274, *3 (M.D. Pa. June 15,

6

2009) (Kane, C. J.). Where Plaintiffs' counsel is concerned, deficient and/or improper pleadings appear to be the rule, not the exception. Clearly, the association of skilled counsel would assist not only the Plaintiffs but the Defendants and the court as well, in the litigation of this case.

Based on the foregoing, Defendants' Motions for a More Definite Statement (Doc. 51) will be granted.[9] In submitting further pleadings in accordance with this Order, Plaintiffs shall, to the extent possible, provide factual information corresponding to the allegations of the amended complaint including names, dates and events that occurred.

Accordingly, it is ORDERED that Plaintiffs file their More Defeinite Statement on or before November 17, 2010. Thereafter, each Defendant, whether with a pending motion or not, may file, within 21 days of Plaintiffs' submission of a More Definite Statement, such pleading as they deem appropriate. Failure to

---

[9] In submitting a More Definite Statement, Plaintiffs should break down the numbered paragraphs of the amended complaint into lettered subparagraphs (i.e. 21 (a), (b) (c) . . . ) in which they lay out the factual allegations to support their claims. Likewise, they should refrain the inclusion of any redundant, immaterial, impertinent, or scandalous matter(s). FRCP 12(f). The More Definite Statement is not a new amended complaint. It may not include additional claims not already included in the Amended Complaint. (Doc. 45).

comply with this order may result in dismissal of all or part of the action.


Date: October 27, 2010					s/ William T. Prince
						William T. Prince
						United States Magistrate Judge