IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE MORRIS, PAMELA MORRIS :
and RANDY MORRIS, :
    Plaintiffs : No. 1:09-CV-1739
 :
  v. : (JUDGE CONNER)
 : (MAGISTRATE JUDGE PRINCE)
RONALD KESSERLING, ET AL., :
    Defendants :

# MEMORANDUM AND ORDER

## I. Procedural Background

Pursuant to an Order entered on October 1, 2010 (Doc. 91), the Honorable Christopher C. Conner referred the Defendants' pending Motion to Sever to the undersigned for disposition.

Plaintiffs initiated this action pursuant to 42 U.S.C. § 1983 on September 8, 2009 (Doc. 1) and thereafter filed an amended complaint (Doc. 45) on February 2, 2010 (Doc. 45). The amended complaint asserts civil rights violations under the First, Fourth and Fourteenth Amendments, *to wit.*, unlawful search and seizure, false arrest and malicious prosecution. Named as Defendants are Ronald Kesselring; Officers Robert Kesselring,[1] David Zumbrum, James Rowe II, Joshua

---

[1] Ronald Kesselring and Officer Robert Kesselring are alleged to be brothers.

Brady and Kenneth Smith and Chief Randy Whitson[2] of the Borough of Hanover Police Department; Officers Grimm and Morehead[3] of the Reading Township Police Department; Officers Schneider and Hippensteel of the West Manheim Police Department; Adam Fabbri, presumed to be a law enforcement officer with the Pennsylvania Department of Conservation and Natural Resources ("DCNR")[4]; Officer Heddinger; Scott Strausbaugh and Mark Barney.[5]

On September 28, 2010, Defendants Strausbaugh and Barney filed a Motion to Sever and Brief in Support, asserting they were misjoined (Doc. 88-89). Defendant West Manheim Township, Schneider and Hippensteel filed a Response and a Brief in Opposition to the Motion on October 12, 2010 (Docs. 94-95), and Plaintiffs also filed a Brief in Opposition to the Motion on October 12, 2010. (Doc. 97).[6] A Reply Brief was filed by Strausbraugh and Barney on October 25,

---

[2] The Plaintiffs misidentify Chief Whitson as "Whiston" in the amended complaint.

[3] The Plaintiffs misidentify Defendant Morehead as "Moorehead."

[4] The amended complaint identifies Fabbri as such but in his answer, Fabbri denies this allegation generally without making a clarification or correction as to what position he holds.

[5] By Order dated December 6, 2010, Plaintiffs were directed to file a second amended complaint on or before December 28, 2010 (Doc. 107).

[6] Plaintiffs' filing joins in the Brief in Opposition filed by West Manheim Twp., Schneider and Hippensteel (Doc. 95). Defendant Morehead filed a

2

2010 (Doc. 101). The Motion to Sever is now ripe for disposition and, for the reasons that follow, the Motion will be denied.

**II. Factual Background**

Viewing the facts in a light most favorable to the Plaintiffs reveals the following background: Plaintiff Pamela Morris and Defendant Ronald Kesselring were involved in a relationship that was terminated. Thereafter, Plaintiffs contend that Ronald Kesselring engaged in retaliation against Pamela Morris, her now-husband David Morris and his brother Randy Morris. Such retaliation included acts of unlawful search and seizure, false arrest, malicious prosecution and harassment and is alleged to have been carried out by members of the Hanover Police Department, of which Ronald Kesselring's brother, Robert Kesselring, was a member. Other law enforcement bodies are also alleged to have participated in these acts against Plaintiffs.

Plaintiffs have also alleged claims against Strausbaugh and Barney, who are adjoining landowners to Plaintiffs' 222 Hobart Road, Hanover, Pennsylvania property.[7] Plaintiffs assert that these Defendants refused to let Plaintiffs access

---

Response to the Motion indicating he does not oppose it. (Doc. 96).

[7] This claim is also asserted against West Manheim Township, Hippensteel and Schneider.

their mailbox from their property via a driveway and constructed a gate to prevent access thereto. As a result of this denial of access, Plaintiffs contend they are required to drive a circuitous route, navigate a dangerous curve and park their vehicle in the public roadway to retrieve their mail. The amended complaint added this claim, alleging that these acts by Strausbaugh and Barney were part of a conspiracy with West Manheim Township police and supervisors to retaliate against Plaintiffs for filing the present action.

Defendants Strausbaugh and Barney seek to have this claim severed from the rest of the action, asserting it is not part of the same transaction or occurrence giving rise to the other claims asserted by Plaintiffs and, moreover, that they will be unduly burdened by participating in the litigation proceedings inasmuch as their issue involves only a small portion of the entire case.

### III. Standard of Review

Defendants Strausbaugh and Barney bring the present Motion pursuant to Rule 21, which provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." FRCP 21. "A district court has broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." Boyer v. Johnson Matthey, Inc., No.

02-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr.16, 2004) (citing Fanning v. Black & Decker, Inc., No. 98-6141, 1999 WL 163628, at *1 (E.D. Pa. Mar.18, 1999); Rodin Properties-Shore Mall, N.V. v. Cushman & Wakefield of Pennsylvania, Inc., 49 F. Supp. 2d 709, 721 (D.N.J.1999). Notably, "Rule 21 is 'most commonly invoked to sever parties improperly joined under Rule 20.'" Boyer, 2004 WL 835082, at *1 (citation omitted). Rule 21 may also be invoked to prevent prejudice or promote judicial efficiency. Id. at *4 n. 1; *see also* United States v. Nat'l R.R. Passenger Corp., No. 86-1094, 2004 WL 1334726, *6 (E.D. Pa. June 15, 2004) (citing Official Comm. of Unsecured Creditors v. Shapiro, 190 F.R.D. 352, 355 (E.D. Pa.2000) (stating that Rule 21 also "may be used to organize problematic issues other than joinder problems.")) (internal citation omitted).

**IV. Discussion**

As a threshold matter, joinder is strongly encouraged. Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir.2009). However, joinder of additional defendants is only appropriate if both elements of Rule 20 (a)(2) are met. Lopez v. City of Irvington, No. 05-5323, 2008 WL 565776, at *2 (D.N.J. Feb.28, 2008). Specifically, Rule 20 (a)(2) permits the joinder of defendants in a single action if: "(1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or

occurrences; and (2) any question of law or fact common to all defendants will arise in the action." FRCP 20 (a)(2). Under Rule 20, claims are reasonably related if the plaintiff alleges more than distinct and unrelated acts by unrelated defendants. DIRECTV, Inc. v. Boggess, 300 F. Supp.2d 444, 449 (S.D.W.V.2004). This requirement is met when the plaintiff alleges that "the defendants acted in concert or that the transactions were closely related." Id. For a series of transactions to be closely related, there must be a logical relationship between them. *See* Mosley v. Gen. Motors Corp., 497 F.2d 1330, 1333 (8th Cir. 1974) (quoting Moore v. New York Cotton Exchange, 270 U.S. 593, 610 (1926)).

"[C]ourts generally apply a case-by-case approach" when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences. Boyer, *supra* at *5-6. "'Transaction' is a word of flexible meaning[, and] may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." Id. at *6 (quoting Mosley, *supra*). Reasonably related claims may be tried together, but claims against different parties presenting entirely different factual and legal issues may not. *See* Sykes v. Bayer Pharmaceuticals Corp., 548 F. Supp.2d 208, 218 (E.D. Va.2008).

In this matter, the two elements of Rule 20(a)(2) are present and, therefore,

joinder of Strausbaugh and Barney was not improper. First, the claim asserted against them, as well as against Hippensteel, Schneider and West Manheim Twp., can reasonably be said to arise out of the same series of transactions or occurrences. The theme central to the amended complaint is the retaliation by the Defendants against Plaintiffs. The claim against Strausbaugh and Barney likewise expounds upon this issue by asserting that they were connected to other Defendants through a conspiracy to retaliate against the Plaintiffs by denying them access to the driveway. The fact that the claims against Strausbaugh and Barney stem from the filing of the original complaint further demonstrates that it is part of the same transaction or occurrence. *See* Rouser v. White, et al, No. Civ S-93-0767 LLK GGH P, 2010 WL 843764 (E.D. Ca. March 10, 2010) ("While separate occurrences, these acts are part of an alleged continuing violation by defendants of plaintiff's [rights]."); Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir.1997) (Claims that arise out of a systematic pattern of events arise from the same transaction or occurrence).

The second prong factor of Rule 20(a)(2) is also met inasmuch as there are common questions of law and fact between Count XIV and the rest of the amended complaint, *to wit*. did Defendants act in retaliation towards Plaintiffs and/or did they conspire to engage in such activity. The non-moving parties

7

contend that the added count in the amended complaint against Strausbaugh and Barney shares common questions of law and/or fact with the other counts therein sufficient to warrant their pursuit jointly. They maintain, moreover, that not every question of law or fact need be common to all parties, only one. Whether Plaintiffs have been the objects of a series of retaliatory acts is an issue common to all claims. Accordingly, the court is unable to conclude that the joinder of Strausbaugh and Barney was improper under Rule 20(a)(2). *See* Sanford v. Virginia, No. 3:08-CV-835, 2009 WL 1765769 (E.D. Va. June 22, 2009) (denying motion to sever by additional defendants concluding that there was sufficient facts to establish a nexus between the alleged acts of the police officers in treating the decedent and the medical administrators in allegedly attempting to keep evidence of such mistreatment from decedent's family).

Nonetheless, the absence of a finding of misjoinder does not end the inquiry of whether severance is appropriate. Rather, once the court has resolved these threshold questions, it may then consider additional factors in determining whether to grant a motion to sever. These factors include:

(1) whether the issues sought to be tried separately are significantly different from one another;

(2) whether the separable issues require the testimony of different witnesses and different documentary proof;

(3) whether the party opposing the severance will be prejudiced if it is granted; and

(4) whether the party requesting the severance will be prejudiced if it is not granted.

National R.R. Passenger Corp., *supra* (citing Official Comm. of Unsecured Creditors, 190 F.R.D. at 355 (E.D. Pa. 2000) (in turn, quoting German v. Fed. Home Loan Mortgage, 896 F. Supp. 1385, 1400 (S.D.N.Y.1995))).

Defendants Strausbaugh and Barney contend that Count XIV of the amended complaint is unrelated to the other claims asserted against the other Defendants and therefore Count XIV should be severed and pursued as an action separate from the rest of this case. However, as noted above, they are part of the same series of occurrences that give rise to the actions asserted against the non-moving Defendants in the original complaint.

The fact that Plaintiffs allege an act separate and subsequent to the acts of the original complaint is not determinative. Rather, asserting Strausbaugh and Barney retaliated against Plaintiffs for filing the original complaint evidences a correlative relationship between the claims of the original complaint and the claim asserted against Strausbaugh and Barney in the amended complaint. Claiming that these Defendants engaged in retaliatory acts against Plaintiffs for filing the original complaint would indicate they had sufficient interest in the claims of the

9

original complaint which caused them to act to Plaintiffs' detriment. As noted above, such retaliation is the central theme of Plaintiffs' action herein.

Although the claim for violation of their First and Fourteenth Amendment rights at Count XIV is separate from Plaintiffs other claims in that it concerns actions which occurred after and, as they allege, because of, their assertion of such other claims against the other Defendants, it is inextricably tied to these original claims. Separating their claim from the rest of the action merely because Strausbaugh and Barney are named in only this one count of the amended complaint is insufficient to warrant severance.

Further, the moving Defendants note that the resolution of Count XIV will require issues related to real property including, *inter alia*, land surveys, titles and easements. The other claims of the amended complaint, they assert, will require evidence of police policies and procedures, criminal complaints, personnel files and investigation files. While not all the issues require the same evidence, there is substantially similar facts and law to be developed on all claims. For instance, whether any of the Defendants devised a scheme to retaliate against the Plaintiffs presumably is a question to be resolved on Count XIV and other claims in the proceedings of this case. How such a plan may have been carried out against Plaintiffs may vary in manner on each count, but such differences do not warrant a

separate case in each instance.

Finally, the court must assess whether the moving Defendants will be prejudiced if the Motion is not granted or, conversely, whether the non-moving parties will suffer prejudice if the Motion is granted. Strausbaugh and Barney contend that, inasmuch as their defense if not covered by an employer or an insurer, they must bear the cost of the litigation personally. As a result, they maintain, their participation in the discovery and litigation of other claims and issues apart from Count XIV would be burdensome. They further submit, in general terms, that there is the potential for jury confusion on unrelated issues.

The Plaintiffs and the non-moving Defendants contend, however, that severance will result in prejudice to them because it will cause duplication of time, resources and work for the parties, counsel, witnesses and the court. Moreover, given the general principle that a jury is presumed to heed the instructions it is given, they argue that the possibility of jury confusion is slight and does not outweigh the efficiency of proceeding with the matter as one action.

The court agrees with the arguments of the non-moving parties. The moving Defendants cannot reasonably argue that their argument in favor of avoiding additional work outweighs the interest of the Plaintiffs and the other Defendants in seeking to avert unnecessarily duplicative pre-trial and trial work.

11

Further, it cannot be concluded that the inclusion of Count XIV with the rest of the claims in the amended complaint will make the issues overly complicated or confusing for jurors. Juries are regularly charged with the task of resolving more complex issues of litigation including securities, patent and trademark and antitrust matters. In comparison, the present action, while compound in that it involves many individuals and several claims, is not beyond the realm of comprehension and instruction to the average juror. Accordingly, the court cannot conclude that Strausbaugh and Barney will be prejudiced if the Motion to Sever is denied more than the non-moving parties will be prejudiced if the Motion is granted.

**V. Conclusion**

    Based on the foregoing, Defendants' Motions to Sever (Doc. 88) will be denied. An Appropriate Order follows.

Date: December 14, 2010          <u>s/ William T. Prince</u>
                                                     William T. Prince
                                                     United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID LEE MORRIS, PAMELA MORRIS:
and RANDY MORRIS, :
    Plaintiffs : No. 1:09-CV-1739
     :
    v. : (JUDGE CONNER)
     : (MAGISTRATE JUDGE PRINCE)
RONALD KESSERLING, ET AL., :
    Defendants :

## **ORDER**

AND NOW, THIS 14th DAY OF DECEMBER, 2010, upon consideration of the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

Defendants' Motion to Sever (Doc. 88) is DENIED.

                                           s/ William T. Prince
                                           William T. Prince
                                           United States Magistrate Judge