IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. MORRIS, PAMELA MORRIS, and RANDY MORRIS,<br><br>    Plaintiffs,<br><br>RONALD KESSERLING, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:09-CV-1739<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before the Court is a Motion to Dismiss Pursuant to Fed. R. Civ. P. 41(b) brought by Defendants Brady, Kesselring, James Rowe, Whitson, Smith, and the Borough of Hanover.  For the reasons stated below, the Motion will be granted.

## BACKGROUND

A concise history of this suit is provided by Magistrate Judge Prince in his Memorandum Opinion dated October 27, 2010 (Doc. 102) and need not be recapitulated here.  The facts giving rising to the suit allegedly resulted from the termination of a relationship between Plaintiff Pamela Morris and Defendant Ronald Kesselring, which led to Plaintiffs being retaliated against by the Defendants in order to harass and intimidate them and deprive them of their constitutional rights. Plaintiffs originally initiated this suit on September 9, 2009 (Doc. 1) and then filed an Amended Complaint on February 2, 2010 (Doc. 45). Defendants then filed a number of Motions to Dismiss as well as a Motion for a More Definite Statement pursuant to Federal Rule of Civil Procedure 12(e).  Judge Conner referred these motions to Magistrate Judge Prince, who granted the Motion for a More Definite Statement.   Citing the "sweeping statements and generalized allegations" of the

Amended Complaint as well as that "those averments [in the amended complaint] containing facts are devoid of particularized details as to time and date, person(s) involved, and other basic tenants of proper notice pleading," the Magistrate Judge ordered Plaintiffs to "provide factual information corresponding to the allegations of the amended complaint" when submitting further pleadings. (Doc. 102.) The Magistrate Judge also advised Planitiffs to seek the assistance of additional counsel.  Plaintiffs filed Objections and sought to have the order struck on the grounds that it was an impertinent personal attack on Plaintiffs' counsel.  The objections were denied by Judge Connor and the Plaintiffs were ordered to file their Second Amended Complaint by December 28, 2010. (Doc. 107.)  However, in their Second Amended Complaint, Plaintiffs' counsel has refused to heed the directive of Magistrate Judge Prince and the Order of Judge Conner and has submitted a Second Amended Complaint whose factual allegations are essentially identical to those of the Amended Complaint.  After the Second Amended Complaint was filed, several Motions to Dismiss were filed by Defendants (Docs. 117, 119, 123, 126, 127), including a Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b).  While the Court is extremely reluctant to grant a Rule 41(b) Motion, the inexplicable truculence of Plaintiffs and their counsel cannot be ignored, and the Motion will therefore be granted.

## DISCUSSION

Fed. R. Civ. P. 41(b) provides:

If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

2

While a district court has authority under 41(b) to dismiss a suit, the Third Circuit has emphasized that dismissal is "extreme," and is a "sanction of last, not first, resort." *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 869 (3d Cir. 1984). Therefore, prior to the dismissal of an action, a district court is required to make explicit findings regarding the factors enumerated in *Poulis*. *See, e.g., Moultrie v. Luzerne County Prison*, 272 Fed. Appx. 208, 209 (3d Cir. 2008) (citing *Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). The *Poulis* factors the district court must consider are:

> (1) the extent of the party's personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party ... was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim.

*Poulis*, 747 F.2d at 868. While every *Poulis* factor does not need to be satisfied in order for the trial court to dismiss a claim, each factor needs to be weighed in order to assure that dismissal is merited. *Ware v. Rodale Press, Inc.*, 322 F.3d 218 (3d Cir. 2003).

Here, a review of the *Poulis* factors amply demonstrates that dismissal is merited.

First, the Court finds that Plaintiffs are solely responsible for failing to comply with the Court's prior orders. In Magistrate Judge Prince's Memorandum, he directed Plaintiffs to amend their Amended Complaint with factual information corresponding to the complaint's allegations and to seek alternate or additional counsel. Rather than follow either of these directives, the Plaintiffs objected to the Memorandum and sought to have it struck on the grounds that Magistrate Prince's commonsensical directive was a personal attack on Plaintiffs' counsel. After the Memorandum was affirmed and the Plaintiffs were ordered to comply, they chose to simply ignore the Order and instead filed a Second Amended

Complaint that is indistinguishable from the Amended Complaint.

Second, the Court finds the prejudice suffered by Defendants is substantial. Although this suit was initiated almost two years ago, due to the sheer incoherence of Plaintiffs' filings the Defendants have been unable to prepare effective legal strategies to counter Plaintiffs' claims.

Third, the Court finds a willful dilatoriness on the part of the Plaintiffs. Rather than adhere to the Magistrate Judge Prince's non-dispositive Order, Plaintiffs chose instead to try and have it stricken. Once the Order was affirmed by Judge Conner, Plaintiffs chose simply to ignore it. These actions have led to substantial delays in the suit's moving forward and have been wholly Plaintiffs' doing.

Fourth, the Court finds Plaintiffs' behavior to have been willful. In fact, Plaintiffs have made a point of defying the Court. First by attempting to have Magistrate Judge Prince's non-dispositive Order stricken and then by ignoring Judge Conner's affirmation in submitting their Second Amended Complaint. It is also clear from Plaintiffs' Brief supporting their Objection to Magistrate Prince's non-dispositive Order that Plaintiffs' counsel is not solely to blame for this course of action, as the Brief makes clear the Order was discussed with the parties.

Fifth, the Court finds that no sanction short of dismissal is appropriate here. Plaintiffs' scornful refusal to abide by the clear and reasonable Order of the Court is a direct affront to the judicial process. Further, the Court's prior directives and warnings have not only fallen on deaf ears, they have been treated with outright contempt. Assessing lawyer's fees and costs to Plaintiffs for their actions would not properly address the graveness of this situation.

Sixth, the Court finds that it cannot assess the meritoriousness of Plaintiffs' claims given the prolix character of the Second Amended Complaint.  Although Plaintiffs claim harassment and intimidation by various police officers, it is hard to discern more from the sweeping and muddled allegations that make up the Second Amended Complaint.

Assessing the actions of Plaintiffs and their counsel in light of the *Poulis* factors, the Court finds dismissal of the suit to be more than justified.

## **CONCLUSION**

For the reasons stated above, Defendants' Motion to Dismiss (Doc. 117) pursuant to Fed. R. Civ. P. 41(b) will be granted.  An appropriate order follows.


| | |
|---|---|
| 5/9/11 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

DAVID L. MORRIS, PAMELA MORRIS,
and RANDY MORRIS,

    Plaintiffs,

CIVIL ACTION NO. 1:09-CV-1739

(JUDGE CAPUTO)

RONALD KESSERLING, et al.,

    Defendants.

## ORDER

**NOW**, this ___9th___ day of May, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 41(b) (Doc. 117) is **GRANTED.** The Clerk of Court is directed to mark the case as **CLOSED**.

    /s/ A. Richard Caputo
    A. Richard Caputo
    United States District Judge