IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID L. MORRIS, PAMELA MORRIS, and RANDY MORRIS, | |
| Plaintiffs, | CIVIL ACTION NO. 1:09-CV-1739 |
| | (JUDGE CAPUTO) |
| RONALD KESSERLING, et al., | |
| Defendants. | |

## MEMORANDUM

Presently before the Court is defendants Scott Strausbaugh's and Mark Barney's motion to recover $7,600.50 in attorney's fees pursuant to either 42 U.S.C. § 1988, 28 U.S.C. § 1927, Federal Rule of Civil Procedures 54 or Local Rule 83.3.1. (Doc. 159.)  The Court finds that the defendants are entitled to attorney's fees under 42 U.S.C. § 1988 and will grant the motion.

## BACKGROUND

A concise history of this suit is provided by Magistrate Judge Prince in his Memorandum Opinion dated October 27, 2010 (Doc. 102) and need not be recapitulated. The facts giving rising to the suit allegedly resulted from the termination of a relationship between plaintiff Pamela Morris and defendant Ronald Kesserling.  This led to plaintiffs being retaliated against by the defendants, members and associates of the Hanover Police Department who worked with Mr. Kesserling's brother, in order to harass and intimidate them and deprive them of their constitutional rights.  Plaintiffs originally initiated this suit on September 9, 2009 (Doc. 1) and then filed an amended complaint on February 2, 2010 (Doc. 45). In the amended complaint, plaintiffs added Mr. Strausbaugh and Mr. Barney and

alleged that the two conspired with the other defendants to retaliate against plaintiffs for filing their initial complaint by threatening to have plaintiffs arrested if they used Messrs. Strausbaugh's and Barney's driveway.

Defendants then filed a number of motions to dismiss as well as a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).  Judge Conner referred these motions to Magistrate Judge Prince, who granted the motion for a more definite statement.   Citing the "sweeping statements and generalized allegations" of the amended complaint as well as that "those averments [in the amended complaint] containing facts are devoid of particularized details as to time and date, person(s) involved, and other basic tenants of proper notice pleading," the Magistrate Judge ordered plaintiffs to "provide factual information corresponding to the allegations of the amended complaint" when submitting further pleadings. (Doc. 102.)  The Magistrate Judge also advised plaintiffs to seek the assistance of additional counsel.  Plaintiffs filed objections and sought to have the order struck on the grounds that it was an impertinent personal attack on plaintiffs' counsel.

The objections were denied by Judge Connor and the Plaintiffs were ordered to file their second amended complaint by December 28, 2010. (Doc. 107.)  However, in their second amended complaint, plaintiffs' counsel refused to heed the directive of  Magistrate Judge Prince and the order of Judge Conner and submitted a second amended complaint whose factual allegations are essentially identical to those of the amended complaint. After the Second Amended Complaint was filed, several motions to dismiss were filed by defendants (Docs. 117, 119, 123, 126, 127), including a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order.  The Court granted the 41(b) motion and Messrs. Strausbaugh and Barney now seek attorney's fees for their lawyer Devon M.

Jacob, Esq. Mr. Jacob has submitted an affidavit and a detailed billing statement documenting the fees sought, $7,600.50. The motion for attorney's fees has been fully briefed and is ripe for review.

## **DISCUSSION**

Defendants are entitled to attorney's fees because plaintiffs' claims against them were frivolous and unreasonable.

Under 42 U.S.C. § 1988, a prevailing party who succeeds in an action brought under 42 U.S.C. § 1983 may request an award of attorney's fees. 42 U.S.C. § 1988(b). This includes a party who prevails in a summary judgment motion. *See, e.g., Woods v. Adams Run Assoc.*, Civ. A. No. 96-6111, 1997 WL 256966 at *3 (E.D.Pa. May 13, 1997). Dismissal under Fed. R. Civ. P. 41(b) "operates as an adjudication on the merits."

The "prevailing party" can be either the plaintiff or the defendant but the standard for awarding attorney's fees to prevailing defendants is more stringent than that for awarding fees to prevailing plaintiffs. *Barnes Found. v. Twp. of Lower Merion*, 242 F.3d 151, 157-58 (3d Cir. 2001) (internal citation omitted). While prevailing plaintiffs "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust," a prevailing defendant is entitled to attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable or without foundation." *Barnes Found.*, 242 F.3d at 158 (internal citation omitted).

While there is no bright-line rule for determining when attorney's fees are appropriate, the Third Circuit has held that affirmative findings of the following five factors can diminish a prevailing defendant's likelihood of obtaining attorney's fees: (1) plaintiff

established a prima facie case; (2) defendant offered to settle; (3) the trial court held a full trial on the merits; (4) the issue in question was one of first impression requiring judicial resolution; and (5) the controversy was based sufficiently upon a real threat of injury to the plaintiff. *Id.* These considerations are guidelines, however, and not strict rules. *Id.* Ultimately, "'[d]eterminations regarding frivolity are to be made on a case-by-case basis.'" *Id.* Additionally, it is not necessary that the prevailing defendant establish that the plaintiff had subjective bad faith in bringing the action in order to recover attorney's fees. *Id.* Rather, the relevant standard is an objective one. *See Hughes v. Rowe*, 449 U.S. 5, 14 (1980).

After determining that Plaintiffs are prevailing parties, the Court must determine a reasonable fee. The Court first calculates a lodestar figure by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The party seeking fees bears the burden of proving that the fee request is reasonable by submitting evidence to support the hours worked and the rates charged. *Rode v. Dellarciprete*, 892 F.2d 1177,1183 (3d Cir.1990). The opposing party has the burden to challenge the reasonableness of the fee requested with specificity sufficient to give the fee applicant notice. *Bell v. United Princeton Properties, Inc.*, 884 F.2d 713, 715 (3d Cir.1989). Once objections are raised, the Court has great discretion to adjust the fee in light of these objections. *Rode*, 892 F.2d at 1183.

Here, defendants were a prevailing party under 42 U.S.C. § 1988 as the 41(b) motion operated as an adjudication on the merits. The Court finds plaintiffs claims against these defendants, i.e., that the defendants violated their Fourteenth and First Amendment rights

by blocking access to a driveway, frivolous and without foundation.  The complaint is bereft of any plausible allegations that these defendants were "state actors" for purposes of § 1983 or that their blocking access to a private driveway defendants owned constituted civil rights violations.  Looking at the factors outlined in *Barnes*: plaintiffs failed to establish a prima facie case against these defendants,  the defendants never offered to settle, there was no trial on the merits, the issue was not one of first impression, and the denial of driveway access did not pose a real threat of injury to plaintiffs.  Furthermore, plaintiffs adamant refusal to amend their pleadings in the face of multiple directives from this Court speaks to the frivolous nature of their claims.  If the plaintiffs had something substantive to allege, it stands to reason they would have alleged it rather than engage in the obstructive and pointless exercise of filing the same pleading after court direction to amend.  Further, moving to strike the Magistrate Judge's report and recommendation emphasizes the obstructive behavior.

Turning to the attorney's fees, Mr. Jacob has submitted an affidavit  containing his hourly fee ($135.00) with a detailed billing statement attached.  Mr. Jacob states that he has spent 56.3 hours in total on this case, including his work on this motion.  56.3 x 135 is $7,600.50.  Defendants do not dispute specific charges but rather continue to argue for the merits of their case.  The Court finds the fee submitted reasonable, and will award the full amount.

## **CONCLUSION**

Since the Court is awarding defendants attorney's fees under 42 U.S.C. § 1988, it need not address the other potential sources of attorney's fees awards raised in their motion. An appropriate order follows.


| 12/8/11 | /s/ A. Richard Caputo |
|---|---|
| Date | A. Richard Caputo |
|  | United States District Judge |

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID L. MORRIS, PAMELA MORRIS, and RANDY MORRIS,<br><br>    Plaintiffs,<br><br>    v.<br><br>RONALD KESSERLING, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 1:09-CV-1739<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this   8th   day of December, 2011, **IT IS HEREBY ORDERED** that Defendants' Motion for Attorney's Fees (Doc. 159) is **GRANTED**. Attorney Jacob is awarded attorney's fees in the sum of **$7,600.50**.

                                        /s/ A. Richard Caputo
                                       A. Richard Caputo
                                       United States District Judge