**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DAVID L. MORRIS, PAMELA MORRIS, and RANDY MORRIS, | |
| Plaintiffs, | CIVIL ACTION NO. 3:09-CV-1739 |
| v. | (JUDGE CAPUTO) |
| RONALD KESSELRING, et al., | |
| Defendants. | |

## MEMORANDUM

Plaintiffs David, Pamela, and Randy Morris seek to have their case re-opened under Federal Rule of Civil Procedure 60(b)(6). (Doc. 176.) The Morrises argue that Judge Connor, who previously presided over this case, should have recused himself due to his personal animus toward their attorney, Don Bailey. Defendants argue the motion should be denied because this Court does not have jurisdiction since the case is on appeal. Defendants further contend that the motion violates Local Rule 7.5 and the "extraordinary circumstances" required to grant relief under 60(b)(6) are not present. The Court agrees that there are no extraordinary circumstances and will deny the motion.

## BACKGROUND

This suit arose from the termination of a relationship between plaintiff Pamela Morris and defendant Ronald Kesserling. This allegedly led to the Morrises being retaliated against by the defendants – members and associates of the Hanover Police Department who worked with Mr. Kesserling's brother – in order to harass and intimidate them and deprive them of their constitutional rights. The Morrises originally initiated this suit on September 9, 2009 (Doc. 1) and then filed an amended complaint on February 2, 2010 (Doc. 45). In the amended complaint, the Morrises added Mr. Strausbaugh and Mr. Barney

and alleged that the two conspired with the other defendants to retaliate against the Morrises for filing their initial complaint by threatening to have them arrested if they used Messrs. Strausbaugh's and Barney's driveway.

Defendants then filed a number of motions to dismiss as well as a motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Judge Conner referred these motions to Magistrate Judge Prince, who granted the motion for a more definite statement. Citing the "sweeping statements and generalized allegations" of the amended complaint as well as the fact that "those averments [in the amended complaint] containing facts are devoid of particularized details as to time and date, person(s) involved, and other basic tenants of proper notice pleading," the Magistrate Judge ordered plaintiffs to "provide factual information corresponding to the allegations of the amended complaint" when submitting further pleadings. (Doc. 102.) The Magistrate Judge also advised the Morrises to seek the assistance of additional counsel. The Morrises filed objections and sought to have the order struck on the grounds that it was an impertinent personal attack on the Morrises' counsel. Judge Connor denied the objections and ordered the Morrises to file their second amended complaint by December 28, 2010. (Doc. 107.) However, in their second amended complaint, they refused to heed the directive of Magistrate Judge Prince and the order of Judge Conner. They submitted a second amended complaint with factual allegations identical to those of the amended complaint. After the second amended complaint was filed, several motions to dismiss were filed by defendants (Docs. 117, 119, 123, 126, 127), including a motion to dismiss pursuant to Fed. R. Civ. P. 41(b) for failure to comply with a court order. In May 2011, the Court granted the 41(b) motion and dismissed the case. The Morrises then filed a motion for reconsideration which the Court denied.

In December 2011, the Morrises filed a motion to open judgment. The motion was not signed by an attorney nor did the Morrises file a supporting brief – a violation of Local Rule 7.5. Several days later, the Morrises filed a notice of appeal with the assistance of their counsel, Don Bailey. Defendants then filed a brief in opposition to the motion to open judgment.

The Morrises argue in their motion to open judgment that the case should be reopened because Judge Connor was biased against their attorney, Don Bailey. They claim Judge Connor's testimony at Mr. Bailey's disciplinary hearing and his orchestration of that hearing demonstrate a long standing personal animus toward Mr. Bailey. The motion has been briefed and is ripe for review.

## DISCUSSION

The motion to open judgment will be denied. There are no factual allegations of prejudice from an "extrajudicial source" that would have warranted Judge Connor to recuse himself under 28 U.S.C. § 455(a) or that require the Court to grant relief under 60(b)(6)'s "exceptional circumstances" doctrine.

Once a notice of appeal is filed, jurisdiction is no longer vested in the district court. *Bensalem Twp. v. Int'l Surplus Lines Ins. Co.*, 38 F.3d 1303, 1314 (3d Cir. 1994) (internal citation omitted). Under Fed. R. Civ. P. 62.1:

> If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.

Rule 62.1 is a rather recent addition to the Federal Rules. It allows the district court to issue an indicative ruling on a motion for relief from judgment when ruling on such a motion is barred by a pending appeal. Advisory Committee notes on Rule 62.1 suggest that "[o]ften it will be wise for the district court to determine whether it in fact would grant the motion if the court of appeals remands for that purpose." Advisory Committee's Notes (2009). When the district court indicates that it would grant the motion for relief, the court of appeals may remand at its discretion. *See* Fed. R.App. P. 12.1(b). If the court of appeals remands to the district court, the court of appeals retains jurisdiction "unless it expressly dismisses the appeal." *Id.*

Although this action is currently on appeal, under Fed. R. Civ. P. 62.1 the Court can defer, deny, or indicate that it would grant the motion or that it raises a substantial issue.

Under 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Additionally under § 455(b), a judge must disqualify themselves where they have a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."

In analyzing claims under §§ 455(a) and 455(b)(1), courts generally have applied what has come to be known as the "extrajudicial source doctrine." *See Liteky v. U.S.*, 510 U.S. 540, 554 (1994). Under that doctrine, recusal is required only where "the alleged bias and prejudice ... stem[s] from an extrajudicial source," meaning a source outside the judicial proceedings. *See id.*

Judicial rulings alone almost never constitute a valid basis for a bias or partiality

motion. *Liteky*, 510 U.S. at 554 (internal citation omitted).  Almost invariably, they are proper grounds for appeal, not for recusal.  *Id.* at 555. "Opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.*  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. *Id*.

The general purpose of Fed. R. Civ. P. 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." *Boughner v. Sec'y of Health, Educ. and Welfare*, 572 F.2d 976, 977 (3d Cir.1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.' " *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir.1981). However, a "Rule 60(b) motion may not be used as a substitute for appeal, and ... legal error, without more, cannot justify granting a Rule 60(b) motion." *Smith v. Evans*, 853 F.2d 155, 158 (3d Cir.1988).  Rule 60(b)(6) is a catchall provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief ." Fed. R. Civ. P. 60(b)(6).  The United States Supreme Court has held that: "[Fed. R. Civ. P. 60(b)(6)] does not particularize the factors that justify relief, but we have previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also cautioning that it should only be applied in 'extraordinary circumstances.'" *Liljeberg v. Healthcare Serv. Acquisition Group*, 486 U.S. 847, 863 (1988)

(internal citations omitted).

In *Liljeberg*, plaintiff, Health Services Acquisition Corp. brought declaratory judgment against defendant John Liljeberg seeking declaration of ownership of a corporation known as St. Jude Hospital. *Liljeberg*, 486 U.S. at 848. The case was tried before Judge Robert Collins, sitting without a jury. The judge found for defendant and the appellate court affirmed. Almost a year later, Health Services discovered the judge had been a member of the Board of Trustees of Loyola University while Liljeberg was negotiating with it to purchase a parcel of land on which to build the hospital. The benefit to Loyola from the deal turned largely on Liljeberg prevailing in the declaratory judgment proceeding. *Id.* at 848-49. The Supreme Court affirmed the appellate court's ruling vacating the judgment for the judge's failure to recuse himself under § 455. In doing so, the Court considered: (1) risk of injustice to parties in particular case, (2) risk that denial of relief will produce injustice in other cases, and (3) risk of undermining public's confidence in judicial process. *Id.* at 864.

Here, the Court will deny the motion because there are no factual allegations of an extrajudicial source of prejudice on the part of Judge Conner against Mr. Bailey. Additionally, the type of extraordinary circumstances warranting relief under 60(b)(6) and found in *Liljeberg* are not present.

Typically, an extrajudicial source of bias or prejudice is one that predates the party's appearance before the judge. The Morrises, however, allege that Judge Conner's testimony in a disciplinary hearing that took place *after* their case had been dismissed demonstrates his biases against their attorney, Mr. Bailey. More fundamentally, however, their complaint contains no factual allegations supporting this purported bias. Their motion is composed of a series of sweeping, general allegations of bias and nowhere points to

specific testimony or statements by Judge Conner. Also, the decision to dismiss the case was not made by Judge Conner, but by this Court. Finally, the type of extraordinary circumstances found in *Liljeberg* have simply not been alleged. Again, the Morrises claim that Judge Conner should have recused himself from their case based on his longstanding animus toward Mr. Bailey. But they allege no facts nor cite any part of the record from the disciplinary hearing that show this prejudice.

## CONCLUSION

Based on these facts, the Court does not find any showing of an extrajudicial source of prejudice that would have warranted recusal under 28 U.S.C. § 455(a) or (b). Since there are no extraordinary circumstances present that would justify relief under Fed. R. Civ. P. 60(b)(6), the Court will deny the Morrises' motion. An appropriate order follows.


 1/31/12                                              /s/ A. Richard Caputo
Date                                                  A. Richard Caputo
                                                      United States District Judge